08 CV 03405

JUDGE DANIELS

Craig S. Mende (CM 3906)          **ECF CASE**
James D. Weinberger (JW 1819)
Nicholas Eisenman (NE 0213)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
(212) 813-5900 (Telephone)
(212) 813-5901 (Facsimile)

*Counsel for Plaintiff Honeywell International Inc.*

RECEIVED
APR 07 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---

HONEYWELL INTERNATIONAL INC.,

        *Plaintiff,*

        v.

THE ANTIQUE AUTO BATTERY
COMPANY, DAVID LANE and DELORES
LANE,

        *Defendants.*

Case No. _____

---

## COMPLAINT

Plaintiff Honeywell International Inc. ("Honeywell"), by its undersigned attorneys, Fross

Zelnick Lehrman & Zissu, P.C., for its Complaint against Defendants, alleges as follows:

### NATURE OF THE ACTION

1.    Honeywell is a diversified technology and manufacturing leader based in Morris

Township, N.J. Among its wide variety of products, Honeywell sells automotive products

directed to the consumer under the AUTOLITE trademark. AUTOLITE products have been sold

by Honeywell and its predecessors-in-interest, including the Ford Motor Company ("Ford"), in

the United States since the 1920s, and Honeywell invests a considerable amount of money each

year in the worldwide advertisement and promotion of its goods and services under the AUTOLITE mark.

2.    Despite actual and constructive knowledge of this use, Defendants have manufactured, marketed and sold replica AUTOLITE car batteries for the classic car market without authorization or permission from Honeywell. Despite being advised by Honeywell that any use of AUTOLITE in connection with the sale of automotive batteries violated Honeywell's rights, Defendants have continued to market and distribute their counterfeit and infringing batteries. Such use of AUTOLITE in connection with automotive batteries creates an association between the parties in the minds of consumers.

3.    To protect the goodwill that Honeywell has established in AUTOLITE, Honeywell brings this action for use of a counterfeit mark and infringement of a federally registered trademark in violation of Section 32(1) of the U.S. Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. § 1114(1); for unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for related claims arising under the laws of the State of New York. Plaintiff seeks injunctive relief; monetary relief including three times Defendants' profits or plaintiff's damages (whichever is greater) or, at Plaintiff's election, statutory damages of up to $1,000,000 per counterfeit mark per type of goods offered or sold by Defendants; and an award of attorney's fees, all as authorized by Section 35 of the Lanham Act, 15 U.S.C. § 1117, together with such other relief as the Court deems just and proper.

## THE PARTIES

4.    Plaintiff Honeywell International Inc. ("Honeywell") is a corporation duly organized and existing under the laws of the State of Delaware, having its corporate headquarters located at 101 Columbia Road, Morristown, New Jersey 07962-2245.

5.      Upon information and belief, defendant Antique Auto Battery Company is a company with a place of business at 2320 Old Mill Road, Hudson, Ohio 44236.

6.      Upon information and belief, defendant David Lane is a principal of defendant Antique Auto Battery Company and an individual residing at 2320 Old Mill Road, Hudson, Ohio 44236.

7.      Upon information and belief, defendant Delores Lane is a principal of defendant Antique Auto Battery Company and an individual residing at 2320 Old Mill Road, Hudson, Ohio 44236.  (Defendants Antique Auto Battery Company, David Lane and Delores Lane are collectively referred to herein as "Defendants".)

## JURISDICTION & VENUE

8.      This action arises under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and applicable state and common law.

9.      The Court has original jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§1331, 1338(a) & (b).  The Court has supplemental jurisdiction over plaintiff's state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

10.      Upon information and belief, Defendants regularly do and solicit business within the State of New York; have engaged in conduct, including, but not limited to, the marketing, promotion, advertising and sale of automotive products, including but not limited to the infringing auto batteries, in this judicial district, causing injury within this district and within the State; have derived substantial revenues from automotive products advertised, promoted, marketed, sold and/or offered for sale within this district and State; and have and should have reasonably expected their acts, including, but not limited to, the marketing, promotion,

advertising, sale and/or offering for sale of the infringing auto batteries in violation of

Honeywell's exclusive rights in the AUTOLITE mark, to have consequences within this district

and within the State, including, but not limited to, the harm suffered by Honeywell complained

of herein.

11.    Venue is proper pursuant to Sections 1391(b) and (c) of the Judicial Code, 28

U.S.C. § 1391(b) and (c), in that a substantial part of the events giving rise to the claim,

including, but not limited to, Defendants' marketing, promotion, advertising, sale and offering

for sale of the infringing auto batteries in violation of Honeywell's exclusive rights in

AUTOLITE, occurred in this District and in that Defendants are subject to personal jurisdiction

in the State and are therefore deemed to reside in the State.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Honeywell and the AUTOLITE Mark**

12.    AUTOLITE traces its origins back to 1911 when the Electric Autolite Company

manufactured buggy lamps. By the mid 1930s the Electric Autolite Company was a thriving

automotive parts manufacturer, producing a wide range of products including batteries, spark

plugs, starters and lighting. In 1961, the Electric Autolite Company assigned its entire interest in

the AUTOLITE mark to Ford. In 1999, Honeywell acquired the entire rights to and interest in

the AUTOLITE mark including all goodwill associated therewith. Presently, Honeywell offers a

wide range of automotive products under the AUTOLITE mark, including spark plugs, batteries,

glow plugs, ignition wires and specialty lighting products.

13.    Through decades of exclusive use, exclusive promotion (including on

www.autolite.com), the AUTOLITE brand has come to be uniquely identified with Plaintiff's

automotive products business, represents enormous goodwill, and is a valuable asset of

Honeywell.

{F0152477.8 }                                                4

14.    As a result of Honeywell's extensive advertising and sale of automotive products bearing the AUTOLITE mark, the trademark AUTOLITE has become exclusively associated with Honeywell in connection with automotive products, including auto batteries and consumers recognize such products bearing AUTOLITE as sold by Honeywell. Consumers recognize AUTOLITE as a brand of automotive parts and that Honeywell is the source.

15.    As a result of Honeywell's activities, AUTOLITE has become a valuable asset of Honeywell, represents enormous goodwill of the company and identifies and distinguishes Honeywell's goods from those of others.

16.    Honeywell also owns numerous U.S. federal trademark registrations for the AUTOLITE mark that cover a wide variety of automotive products, all of which are valid and subsisting, constituting prima facie evidence of their validity, as follows:

| U.S. Reg. No. | Mark | Goods and Services | First Use Date | Registration Date |
|---|---|---|---|---|
| 110,818 | AUTO-LITE | Ignition apparatus, connections and parts thereof | July 17, 1917 | June 13, 1916 |
| 637,085 | AUTOLITE | Spark plugs and components thereof | August 13, 1936 | November 13, 1956 |
| 2,291,540 | AUTOLITE | Automotive alternators and starters, and aircraft spark plugs. | April 1, 1999 | November 9, 1999 |
| 3,058,196 | AUTOLITE | Batteries and rechargeable batteries for vehicles | June 15, 2004 | February 7, 2006 |

| U.S. Reg. No. | Mark | Goods and Services | First Use Date | Registration Date |
|---|---|---|---|---|
| 3,121,690 | AUTOLITE | lights, namely, safety lights and security lights for use with land vehicles | July 31, 2003 | July 25, 2006 |

**B.**     **Defendants' Wrongful Activities**

17.     Upon information and belief, Defendants are offering numerous auto batteries under the AUTOLITE name for a variety of automobile makes and models.

18.     On their website located at www.antiqueautobattery.com, Defendants offer 3 models of counterfeit AUTOLITE batteries: the G24FA, the G27FA, and the G29HR. All three model numbers have the following descriptions: "Hard rubber raised letter case with single screw in AUTOLITE red caps. 100% correct." All three infringing batteries, the G24FA, the G27FA, and the G29HR, have the AUTOLITE mark printed on the battery in large block lettering. *See* Exhibit <u>A</u>.

19.     Defendants' AUTOLITE batteries were not designed, manufactured, inspected or approved by Honeywell or anyone with authorization from Honeywell to engage in such activity, and upon information and belief the infringing batteries are not of the quality to which Honeywell's customers are accustomed.

20.     In connection with their infringing sales, Defendants have prepared and are distributing advertising and other materials that prominently display the AUTOLITE mark and are marketing, advertising and promoting their infringing auto batteries on the following websites located at:  http://www.shoporium.com/shops/AntiqueAutoBattery/ and http://www.carsandstripes.com/parts-:-accessories-antique-auto-battery-34n55.asp.

21.    Defendants' use of AUTOLITE began long after Honeywell's predecessors-in-interest first used and registered AUTOLITE in connection with automotive products and long after AUTOLITE became associated exclusively with those predecessors and, now, Honeywell.

22.    Defendants target the very consumers who are familiar with and who are customers of Honeywell's AUTOLITE products. Specifically, Defendants sell and attempt to sell their infringing products over the internet to consumers of automotive batteries.

23.    Honeywell has advised Defendants of its exclusive rights in the AUTOLITE mark for automotive products including auto batteries and that use by Defendants of AUTOLITE in connection with the sale of an auto battery would violate Honeywell's rights. Honeywell has further informed Defendants of its concern regarding the safety of Defendants' AUTOLITE batteries since Honeywell has no control over Defendants' manufacturing process.

24.    Notwithstanding the fact that the Defendants were on actual notice of Honeywell's exclusive rights in AUTOLITE for automotive products including batteries, Defendants have continued to offer the infringing AUTOLITE batteries.

25.    Defendants have also made false and misleading statements in advertising their infringing automotive batteries. For example, Defendants have advertised on their website that the infringing batteries are licensed from "the big three" and "Licensed by Ford" when, in fact, no automobile maker is authorized to license Honeywell's AUTOLITE mark to third parties for automotive batteries and, upon information and belief, Ford Motor Company (which licenses Defendants the right to manufacture certain restoration auto parts for Ford vehicles) has never provided Defendants with a license to use the AUTOLITE mark.

**C.    Effect of Defendants' Conduct**

26.    Defendants' use of the AUTOLITE mark falsely represents that their goods are genuine AUTOLITE goods, originating with or approved by Honeywell, and such use of AUTOLITE likely to deceive and cause confusion, cause mistake, or deceive consumers.

27.    Defendants' use of AUTOLITE (i) is likely to falsely suggest an association with or approval by Honeywell of Defendants' goods, (ii) is likely to continue to create confusion, as consumers will assume that Defendants' goods are authorized by, endorsed by, associated with, or are otherwise connected with Honeywell's products.

28.    Defendants' use of AUTOLITE in connection with automotive batteries is intentionally fraudulent, malicious, willful and wanton.

29.    The harm threatened by Defendants' conduct is exacerbated by their failure to comply with Honeywell's quality and safety standards, as reports of any product safety or quality problems with the counterfeit batteries could create the false impression among consumers and the trade that Honeywell's AUTOLITE products are unsafe or of poor quality, inflicting great harm upon Honeywell's hard earned reputation for marketing high quality products.

30.    The use by Defendants of AUTOLITE unfairly and unlawfully wrests from Honeywell control over its AUTOLITE mark and reputation and is unjustly enriching Defendants.

31.    Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Honeywell's business and goodwill unless restrained by this Court.

32.    Honeywell has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF -- FEDERAL TRADEMARK
## INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114(1))

33.    Honeywell repeats and realleges the allegations set forth in Paragraphs 1 through 32 as if fully set forth herein.

34.    Defendants' offering, advertising, sale and distribution of counterfeit AUTOLITE auto batteries is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendants' goods.

35.    As a result of Defendants' unauthorized use of Honeywell's federally registered AUTOLITE marks, the public is likely to believe that Defendants' goods have been manufactured and/or approved by Honeywell, and such use falsely represents Defendants as being legitimately connected with and/or authorized by Honeywell and places beyond Honeywell's control their own reputation and ability to control the use of their AUTOLITE marks or the quality of the products bearing those marks.

36.    Defendants' infringement and counterfeiting of Honeywell's registered mark is willful, intended to reap the benefit of the goodwill of Honeywell, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37.    Defendants' aforesaid conduct is causing immediate and irreparable injury to Honeywell and to its goodwill and reputation, and will continue both to damage Honeywell and deceive and threaten harm to the public unless permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF -- FEDERAL
## UNFAIR COMPETITION (15 U.S.C. § 1125(a))

38.    Honeywell repeats and realleges the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

39.     Defendants' use of AUTOLITE for goods that are identical, related and/or substantially similar to those produced by Honeywell under AUTOLITE constitutes a false designation of origin and a false representation as to the origin of Defendants' goods. Defendants' use of AUTOLITE for automotive batteries is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and is likely to create the false impression that the goods are authorized, sponsored, endorsed, licensed by, or affiliated with Honeywell. Defendants' actions constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

40.     Defendants' conduct is willful, intended to reap the benefit of the goodwill of Honeywell, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41.     Defendants' conduct has caused and is causing immediate and irreparable injury to Honeywell and will continue both to damage Honeywell and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF -- FALSE ADVERTISING UNDER FEDERAL LAW  (15 U.S.C. § 1125(a))

42.     Honeywell repeats and realleges the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein.

43.     Defendants' use of false and misleading descriptions of fact in advertising for their AUTOLITE batteries, including their false statement that such batteries are licensed by "the big three" and "Licensed by Ford," constitute a willful and knowing violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), in that they misrepresent the nature, characteristics and qualities of Defendants' goods.

44.     Defendants have made these false and misleading representations of fact in order to induce consumers to purchase unauthorized AUTOLITE batteries from Defendants.

45.    Defendants' conduct is causing immediate and irreparable injury to Plaintiffs and will continue both to damage Plaintiff and deceive the public until enjoined by this Court. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF -- UNFAIR
## COMPETITION UNDER NEW YORK COMMON LAW

46.    Honeywell repeats and realleges the allegations set forth in paragraphs 1 through 45 above as if fully set forth herein.

47.    Defendants' use of AUTOLITE in connection with automotive batteries is likely to confuse the public as to the origin, source or sponsorship of Defendants' goods, or to cause mistake or to deceive the public into believing that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Honeywell, in violation of Honeywell's rights in the AUTOLITE mark under the common law of the State of New York.

48.    Upon information and belief, Defendants chose AUTOLITE with full knowledge of Honeywell's prior use of and rights in AUTOLITE for automotive products. By adopting and using a colorable imitation of AUTOLITE, Defendants have been unjustly enriched and Honeywell has been damaged.

49.    By misappropriating and trading upon the goodwill and business reputation represented by the AUTOLITE mark, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Honeywell's expense.

50.    Defendants' use of a trademark identical to the AUTOLITE mark on automotive batteries constitutes unfair competition under New York common law.

51.    Defendants' conduct has caused and is causing immediate and irreparable injury to Honeywell and will continue to both damage Honeywell and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF -- VIOLATION
## OF THE NEW YORK DECEPTIVE AND UNFAIR
## TRADE PRACTICES ACT (N.Y. General Business Law § 349)

52.    Honeywell repeats and realleges the allegations set forth in paragraphs 1 through 51 above as if fully set forth herein.

53.    By reason of the acts set forth above, Defendants have been and are engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of Section 349 of the New York General Business Law.

54.    Defendants' use of AUTOLITE in connection with automotive batteries has the capacity to deceive and is deceiving the public as to the source or sponsorship of Defendants' products. As a result, the public will be damaged.

55.    Defendants' conduct is willful and in knowing disregard of Honeywell's rights.

56.    Defendants' conduct constitutes a deceptive trade practice under Section 349 of the General Business Law of the State of New York.

57.    Defendants' conduct has caused and is causing immediate and irreparable injury to Honeywell and will continue to both damage Honeywell and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF -- TRADEMARK
## DILUTION UNDER NEW YORK LAW (N.Y. General Business Law § 360-*l*)

58.    Honeywell repeats and realleges the allegations set forth in paragraphs 1 through 57 above as if fully set forth herein.

59.    Honeywell's AUTOLITE mark is distinctive and it acquired distinctiveness prior to Defendants' first use of AUTOLITE in connection with automotive batteries.

60.    Defendants' unauthorized use of AUTOLITE, which is a colorable imitation of Honeywell's distinctive AUTOLITE mark, is diluting and is likely to continue diluting such

{F0152477.8 }

12

mark by blurring the distinctiveness of and/or tarnishing the mark, and is likely to injure and has injured Honeywell's business reputation and damage Honeywell, in that the reputation of Honeywell has been removed from its power and control and that deficiencies in or complaints about Defendants' goods will redound to the harm of Honeywell, all in violation of Section 360-*l* of the General Business Law of the State of New York.

61.    Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Honeywell's business and goodwill unless enjoined by this Court. Plaintiff has no adequate remedy at law.

WHEREFORE, Honeywell respectfully demands judgment as follows:

1.    That a permanent injunction be issued enjoining Defendants, jointly and severally, their officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them from:

     a.    imitating, copying, or making unauthorized use of the AUTOLITE mark

     b.    importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the AUTOLITE mark or any other indicia associated with Honeywell;

     c.    using any simulation, reproduction, counterfeit, copy or colorable imitation of the AUTOLITE mark in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to

Honeywell or to any goods sold, manufactured, sponsored or approved by or connected with Honeywell;

d.     using any false designation of origin or false description or statement, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by Defendants is in any manner associated or connected with Honeywell, or is sold, manufactured, licensed, sponsored, approved or authorized by Honeywell;

e.     transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing a mark or other indicia substantially identical to Honeywell's AUTOLITE mark;

f.     engaging in any other activity constituting unfair competition with Honeywell, or constituting an infringement of its AUTOLITE mark;

g.     applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry any mark consisting in whole or in part of the term "AUTOLITE" or consisting in whole or in part of any simulation, reproduction, copy or colorable imitation of the AUTOLITE mark, for automotive products, including, but not limited to, automotive batteries;

h.     diluting or tarnishing Honeywell's AUTOLITE mark;

i.     registering anywhere in the world, asking any third party to register on their behalf, or assisting any third party in registering or maintaining any domain name, subdomain name, URL, e-mail address, or other electronic

identifier that includes, in whole or in part, the term "AUTOLITE" or any

formative thereof (including misspellings) in connection with a web site that

advertises, promotes, markets, displays, sells or offers for sale or otherwise

refers to automotive products;

j.     owning, renting, purchasing or otherwise obtaining rights to any internet

search term that includes in whole or in part the term "AUTOLITE" or any

formative thereof (including misspellings) for purposes of directing internet

traffic to any web site that advertises, promotes, displays or otherwise refers

to automotive products;

k.     disposing, destroying, altering, moving, removing, concealing, tampering

with or in any manner secreting any business records (including computer

records) of any kind, including invoices, correspondence, automotive

products of account, receipts or other documentation relating or referring

in any manner to the manufacture, advertising, receiving, acquisition,

importation, purchase, sale or offer for sale, or distribution of any

merchandise offered, distributed or sold under the AUTOLITE mark;

l.     engaging in any acts of false advertising with respect to the AUTOLITE

mark or goods offered, distributed or sold under the AUTOLITE mark,

including the making of false statements as to Defendants' batteries being

licensed by "the big three," "Ford," or other automobile makers or third

parties that have not licensed such batteries; and

m.     assisting, aiding or abetting any other person or business entity in

engaging in or performing any of the activities referred to in

subparagraphs (a) through (l) above.

2.      Directing that Defendants deliver up to Honeywell's attorneys for destruction all automotive products, labels, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials (a) currently in their possession or under their control or (b) recalled by Defendants pursuant to any order of the Court or otherwise, incorporating, featuring or bearing AUTOLITE or any other simulation, reproduction, copy or colorable imitation of the AUTOLITE mark in connection with automotive products, including, but not limited to automotive batteries, and all plates, molds, matrices and other means of making the same.

3.      Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendants is in any manner authorized by Honeywell or related in any way to Honeywell.

4.      Directing that Defendants file with the Court and serve upon Honeywell's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

5.      Awarding Honeywell such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement, counterfeiting and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117.

6.      Awarding Honeywell all gains, profits, property and advantages derived by Defendants from their unlawful conduct.

7.      Awarding to Honeywell exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

8.      Awarding to Honeywell its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

9.      Awarding Honeywell interest, including pre-judgment interest on the foregoing sums.

10.     Awarding to Honeywell such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 7, 2008

Respectfully submitted,

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
       Craig S. Mende (CM 3006)
       James D. Weinberger (JW 1819)
       Nicholas H. Eisenman (NE 0213)
       866 United Nations Plaza
       New York, New York 10017
       (212) 813-5900

*Attorneys for Plaintiff Honeywell International Inc.*

EXHIBIT A



# Antique Auto Battery


Home

Products

Request Form



## "COME TO THE SOURCE"



## Ask us about our Maintenance Free Sealed Batteries

We are the world's largest supplier of hard rubber raised letter antique batteries licensed by the big three. We offer complete coverage of accurate reproduction batteries for all makes and models.  We offer hard rubber script cases, correct caps and the tar top's have our famous non sticky Poly Tar (R). We have the finest quality dry charged factory fresh batteries available for your car or  truck. We have a complete line of show quality cables.

**We stock classic and antique auto batteries for the following makes and model cars, AMC, Nash, Cadillac, Buick, Camaro, Checker, Chevelle, Chrysler, Chevrolet, Chevy Corvair, Corvette, Dodge, DeSoto, Duesenburg, Edsel, Firebird, Ford, GTO, Hudson, Nova, Terraplane, Jaguar, Jeep, Kaiser, Frazer, Henry J., Lincoln, MG, Mercedes, Mercury, Mustang, Oldsmobile, Packard, Plymouth, Pontiac, Porshe, Rambler, Rolls-Royce, Studebaker, Thunderbird, Willys.**

**Don't Forget our British import batteries covering the following British Cars - 1945-1969 Austin, Austin-Healy, Bentley, Hillman, Jaguar, MG, Morris Minor, Rolls-Royce, Rover, Sunbeam, and Triumph with correct Lucas cases and caps and *also our famous non-sticky POLY TAR**. 100% Correct.***

**Antique Auto Battery is the Leading Manufacturer
providing OEM replacement batteries for antique and classic cars and trucks.**

## Contact Information

**Telephone**
> 330-425-2395
> 800-426-7580

**FAX**

**Postal address**
> 2320 Old Mill Rd.
> Hudson, Ohio 44236

**Electronic mail**
> General Information: info@antiqueautobattery.com



# G24FA-G27FA-G29HR







**Home**

**Back**

**Products**

**Request Form**

### G24FA

Hard rubber raised letter case with single screw in AUTOLITE red caps. 100% correct.

### G27FA

Hard rubber raised letter case with single screw in AUTOLITE red caps. 100% correct.

### G29HR

Hard rubber raised letter case with single screw in AUTOLITE red caps. 100% correct.